# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| JANET BARNHOUSE )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>HEARING LAB TECHNOLOGY, LLC )<br>14301 FAA Blvd, Suite 105 )<br>Fort Worth, TX 76155 )<br>)<br>  Serve:  Office of the Secretary of State )<br>          Summons Branch )<br>          700 Capital Ave., Ste. 86 )<br>          Frankfort, KY 40601 )<br>)<br>    Defendant. )<br>_____) | Civil Action No.  3:19-cv-375-CHB<br><br>**COMPLAINT FOR FMLA AND ADEA VIOLATIONS**<br>*Electronically Filed*<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

Comes Plaintiff Janet Barnhouse, by counsel, and for her Complaint against Defendant Hearing Lab Technology, LLC ("HLT") states as follows:

This is an action surrounding the wrongful termination of Plaintiff's employment by Defendant in violation of the Family and Medical Leave Act (29 C.F.R. Part 825) (FMLA), the Age Discrimination in Employment Act (29 U.S.C. §623) (ADEA), and the Kentucky Civil Rights Act (KCRA) as it pertains to age discrimination (KRS 344.040(1)).

## PARTIES

1. Plaintiff, Janet Barnhouse, was at all times relevant to this complaint a resident of Jefferson County, Louisville, Kentucky and employed therein by Defendant from November 2013 until her termination on July 28, 2018.

2. Defendant, HLT, is a manufacturer and retailer of hearing aid devices. The HLT at which Plaintiff was employed is located in the Sam's Club at 1401 Alliant Ave., Jeffersontown, KY 40299.

3. Defendant, HLT, is a Texas for-profit corporation, standing unknown, with its principal place of business in Texas at 14301 FAA Blvd, Suite 105, Fort Worth, TX 76155. HLT is not apparently registered or in good standing with the Kentucky Secretary of State and may thus be served with process by service on the Kentucky Secretary of State, Summons Branch.

## JURISDICTION AND VENUE

4. Plaintiff alleges, in part, violations of the FMLA and ADEA, which are federal laws and give this Court original subject matter jurisdiction.

5. The charge for violations of the ADEA/KCRA were timely submitted to the EEOC in order to exhaust administrative remedies. The EEOC issued a determination of no reasonable cause on February 22, 2019, pursuant to which this Complaint has been timely brought.

6. Venue is proper because the acts or omissions complained of herein occurred in Jefferson County, Louisville, Kentucky.

## FACTS

7. Plaintiff began as an apprentice in the hearing aid industry 2005, became licensed clinician in 2006, began employment with Defendant in November 2013 as a clinician, and was a consistently high performer.

8. Upon information and belief, Plaintiff's base salary was the highest for that position in the district.

9. Plaintiff had requested FMLA leave on July 5, 2018 to begin on August 14, 2018, which was initially approved. (**Exhibit 1 – FMLA Request Form**).

10. After a performance which placed her as the #7 performer in the country and the #1 performer in the district for June 2018, for her position, and two (2) weeks prior to approved FMLA leave, Plaintiff was terminated on July 28, 2018. (**Exhibit 2 – Top Performer Email**).

11. Plaintiff was 60 when she was terminated.

12. After Plaintiff's termination, she was directly replaced by a younger employee who had previous work issues within Defendant – Kelly Toon – for a lesser salary.

13. Upon information and belief, the younger employee did not perform to Plaintiff's quality of work thereafter.

14. Plaintiff witnessed Defendant hire several younger employees in place of employees over the age of forty (40) toward the end of Plaintiff's employment.

15. Plaintiff had a new District Manager, Brian Emery, just prior to her termination. Emery became District Manager in or around February-March 2018, just four (4) months before Plaintiff was terminated.

16. From March – July 2018, Emery fabricated a series of progressive actions that ultimately resulted in Plaintiff's termination on July 28, 2018, seemingly to create a "for cause" termination.

17. Barnhouse met the "improvement requirements" of her progressive actions but was nonetheless terminated.

18. Plaintiff recalls two (2) different occasions in which Emery made negative comments about one of Plaintiff's male colleague's age. Emery stated, in sum, that he did not know why the male colleague was still working as he could barely walk around the club to do intercepting (a job function). Emery went on to say he found out the male colleague continued to work because his wife had medical issues and Emery guessed he needed the income.

19. After Emery was hired as the manager in February-March 2018, Defendant endeavored to terminate Barnhouse on July 28, 2018 due to her age and impending FMLA leave.

## CLAIMS

### CLAIM I – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA)

20. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

21. Defendant is a covered employer and Plaintiff is an eligible employee under the FMLA.

22. Plaintiff requested FMLA leave for a qualified purpose on July 5, 2018, which Defendant initially granted.

23. Defendant had a duty to maintain the basic rights of the FMLA by granting leave and reserving for Plaintiff an equivalent position to return to.

24. Defendant breached the duties imposed upon it by the FMLA in that it did not grant Plaintiff leave, but rather terminated her.

25. As a direct and proximate cause of Defendant's breach, Plaintiff incurred damages as set forth herein, for which Plaintiff is now entitled to recover back pay, front pay, compensatory damages, liquidated damages, attorneys' fees, and costs.

### CLAIM II – VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. § 623 (ADEA)

26. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

27. Plaintiff was a member of a protected class under the ADEA because she was 60 years old at the time of her discharge. Defendant knew Plaintiff was a protected employee.

28. Plaintiff had been an apprentice in the hearing aid industry since 2005, had been a licensed clinician in the industry since 2006, and was a consistently high performer. She was qualified for her position.

29. Plaintiff was treated less favorably than younger, similarly situated employees. Plaintiff was directly replaced by a younger employee who had previous work issues within Hearing Lab Technology, LLC. The younger employee did not perform to Plaintiff's quality of work.

30. Defendant willfully harassed and eventually terminated Plaintiff's employment because of her age (60), in violation of the ADEA.

31. Defendant is in violation of the ADEA for the reasons outlined in the preceding paragraphs and because it did not ensure that equal opportunity was available to Plaintiff, regardless of her age or any other legally protected basis.

32. As a direct and proximate cause of Defendant's violations, Plaintiff has suffered damages and is therefore entitled to recover back pay, front pay, liquidated damages, and attorneys' fees, and costs incurred.

## CLAIM III – VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT
## KRS § 344.040(1) (KCRA)

33. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

34. Plaintiff was a member of a protected class under the KCRA because she was 60 years old at the time of her discharge. Defendant knew Plaintiff was a protected employee.

35. Plaintiff had been an apprentice in the hearing aid industry since 2005, had been a licensed clinician in the industry since 2006, and was a consistently high performer. She was qualified for her position.

36. Plaintiff was treated less favorably than younger, similarly situated employees. Plaintiff was directly replaced by a younger employee who had previous work issues within Hearing Lab Technology, LLC. The younger employee did not perform to Plaintiff's quality of work performance.

37. Defendant willfully harassed and eventually terminated Plaintiff's employment because of her age (60), in violation of the KCRA.

38. Defendant is in violation of the KCRA for the reasons outlined in the preceding paragraphs and because it did not ensure that equal opportunity was available to Plaintiff, regardless of her age or any other legally protected basis.

39. As a direct and proximate cause of Defendant's violations, Plaintiff has suffered damages and is therefore entitled to recover back pay, front pay, compensatory damages, and attorneys' fees, and costs incurred.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following:

A. Judgment entered in Plaintiff's favor on all causes of action described herein;

B. That Defendant be ordered to pay Plaintiff's costs, expenses, and attorneys' fees incurred in this action as allowed by law, and any other applicable fees, expenses, and costs;

C. That Defendant pay all damages available to Plaintiff;

D. A trial by jury on all issues so triable; and

E. Any and all other relief to which Plaintiffs may otherwise be properly entitled.

Respectfully submitted,

*/s/ Parker M. Wornall*
RANDALL S. STRAUSE
PARKER M. WORNALL
Strause Law Group, PLLC
804 Stone Creek Pkwy., Ste. One
Louisville, KY 40223
T: (502) 426-1661
F: (502) 426-6772
E: rstrause@strauselawgroup.com
　pwornall@strauselawgroup.com
**Counsel for Plaintiff**